

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-16-2007

# USA v. Stansbury

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1629

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Stansbury" (2007). *2007 Decisions.* Paper 1102.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1102

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 06-1629
_____

UNITED STATES OF AMERICA

v.

KAREEM STANSBURY,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cr-00280-4)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
May 11, 2007

Before: RENDELL, JORDAN and ALDISERT, *Circuit Judges*

(Filed May 16, 2007)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Kareem Stansbury (the "Defendant") appeals his criminal sentence of 102 months

imposed after he pled guilty to one count of conspiracy to commit Hobbs Act robbery in

violation of 18 U.S.C. § 1951(a); two counts of Hobbs Act robbery and aiding and

abetting in violation of 18 U.S.C. §§ 2 and 1951(a); and two counts of carrying and using a firearm during and in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 2 and 924(c). Stansbury's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), along with a motion to withdraw as counsel from this case. This Court notified Stansbury of his right to submit a *pro se* brief in support of his appeal but he did not do so. For the reasons set forth below, we will affirm the sentencing order and grant counsel's request to withdraw.

I.

From January 10, 2005, to February 9, 2005, George Austin, Eric Andrews, Dujuan Anderson, and the Defendant committed a series of armed robberies in Philadelphia, Pennsylvania. On February 9, 2005, Austin, Andrews, Anderson, and the Defendant robbed two mini-markets. Austin was armed with a pump shotgun containing five rounds of ammunition, and Andrews was armed with a .38 caliber handgun containing six rounds of ammunition. In the first robbery, Austin pointed a shotgun at a customer and threatened to shoot him unless he emptied his pockets. After the customer gave approximately $1200 to Austin, Austin hit him on the side of his neck with a shotgun and told him not to move. Andrews then forced the cashier to open the cash register drawer at gunpoint. The men took approximately $2,000 from the drawer and fled. In the second robbery, Austin put the shotgun to a cashier's head while Anderson grabbed $600 from the register. Andrews demanded money from a customer while

threatening him with the pistol, and the customer gave him $150. During both robberies, the Defendant waited outside in the get-away car, serving as the driver.

After a grand jury returned the indictment, the Defendant entered into a plea agreement. He agreed to cooperate fully and truthfully with the government, and the government promised, at the time of sentencing, to make the nature and extent of the Defendant's cooperation known to the court. The government also promised to move for a departure from the U.S. Sentencing Guidelines pursuant to U.S.S.G. § 5K1.1 and for imposition of a sentence below any mandatory minimum term of imprisonment pursuant to 18 U.S.C. § 3553(e). Additionally, according to the Defendant, the F.B.I. agent who led the investigation of this criminal matter, Agent Shue, verbally agreed to speak on the Defendant's behalf at his sentencing hearing, although the plea agreement did not reflect such a promise.

According to the government, the Defendant assisted authorities by testifying at trial against two of the co-defendants, despite being threatened by one of the defendants. He was also the first of the four defendants to completely and fully cooperate with the government. In addition, he provided useful information with respect to other unrelated crimes. Because of his cooperation, the well being of the Defendant and his family were threatened while he was in prison.

Under the U.S. Sentencing Guidelines, the resulting range for imprisonment for the crimes to which the Defendant pled guilty was 417 to 425 months. As promised, the government filed a motion for a downward departure on the Defendant's sentence.

3

During the sentencing hearing, a government witness testified at length on the Defendant's behalf, explaining how the Defendant, in a timely manner and despite being threatened, fully cooperated by testifying against two co-defendants and providing important, reliable information for this case and other unrelated criminal matters. The Defendant's attorney also spoke on his behalf, testifying of the Defendant's timely cooperation with the government in spite of repeated threats and also of the Defendant's remorse for the crimes he committed. The F.B.I. agent who allegedly agreed to testify in the Defendant's behalf, however, did not appear at the sentencing hearing.

The District Court determined that the Defendant had provided substantial assistance in the prosecution of this case and other cases under investigation, that his cooperation was timely, and that his cooperation placed him and his family in danger. Accordingly, the District Court granted the government's motion for a downward departure and substantially reduced the Defendant's sentence from the range of 417 to 425 months suggested by the U.S. Sentencing Guidelines to 102 months and five years of supervised release. Defendant now appeals that sentence. He claims that (1) the government "withheld important information" about his involvement in the crimes; (2) his attorney was "ineffective" because he failed to bring to the attention of the court legal arguments that may have further reduced his sentence; and (3) the F.B.I. agent who agreed to testify in his behalf failed to appear at his sentencing hearing.

II.

The district court had jurisdiction in this criminal matter pursuant to 18 U.S.C. § 3231. We exercise jurisdiction over the sentencing order pursuant to 28 U.S.C. § 1291 and over the final sentence pursuant to 18 U.S.C. § 3742(a).

Third Circuit Local Appellate Rule 109.2(a) provides "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting [*Anders*] brief." In considering counsel's *Anders* brief, we examine: (1) "whether counsel adequately fulfilled the rule's requirements," and (2) "whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). To fulfill the requirements of Rule 109.2(a), the brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues and "explain why the issues are frivolous." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)). At a minimum, the brief must assure us that counsel has made a conscientious examination of the case. *Id.*

We conclude here that counsel's brief adequately demonstrates that counsel has thoroughly examined the record in search of appealable issues and has adequately explained why the issues are frivolous. We also conclude, after our own independent analysis of the record, that this appeal presents no nonfrivolous issues.

The Defendant first argues that the government withheld from the District Court "important information" about the Defendant's involvement in the criminal matters that

5

could have influenced his sentence. However, the Defendant failed to identify what information the government failed to disclose. Accordingly, we find this argument to be without merit.

The Defendant next argues that his counsel was ineffective because he failed to make certain legal arguments that may have influenced the Defendant's sentence. It has "long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack," unless the record is sufficient for us to address the claim on direct appeal. *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003). Because the Defendant did not specify the legal arguments his counsel allegedly failed to make, we will not address his ineffective assistance of counsel claim on direct appeal.

Finally, the Defendant argues that Agent Shue, who allegedly made a verbal agreement that he would be speak on the Defendant's behalf, failed to appear at the sentencing hearing. The Defendant claims that if the agent had testified, the District Court would have further reduced his sentence. This argument fails to two reasons. First, the written plea agreement does not state that Agent Shue agreed to testify on the Defendant's behalf. It states only that the government would make the nature and extent of the his cooperation known to the District Court and move for a departure from the U.S. Sentencing Guidelines if the Defendant cooperated fully and truthfully with the government. In addition, during the plea colloquy, the District Court specifically asked the Defendant if anyone promised him "anything of any kind other than what it says here in the plea agreement," and the Defendant responded that no one had.

6

Second, even if Agent Shue had made such a promise, the Defendant has not specified how Agent Shue's testimony would have further reduced his sentence. At the sentencing hearing, the government testified to the nature and extent of the Defendant's cooperation, the timeliness of that cooperation, the reliability of the information he provided, and to the fact that he had been threatened and had also provided information in other unrelated criminal matters. That testimony contributed to the District Court's decision to make a substantial downward departure from the minimum term of imprisonment recommended by the U.S. Sentencing Guidelines. We agree with Defendant's counsel that had Agent Shue testified, his testimony would have been largely cumulative given the testimony already provided by the government.

III.

Accordingly, the sentence will be affirmed and counsel's request to withdraw will be granted.